davylauresp

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 94-00007-02 |
| Plaintiff. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO PRESENTENCE REPORT** |
| vs. | |
| LAU KAM KUENG, aka KAM KUENG LAU, aka DAVY LAU, | |
| Defendant. | |

Relevant Conduct

      The defendant's sentencing memorandum implies that the court is somehow constrained from looking at the normal factors examined at sentencing. The memo seems to urge that aggravating roles under the sentencing guidelines require an independent finding of such beyond a reasonable doubt by a jury. The implication is that the judge can only look at what the defendant admits in his plea agreement, citing to United States v. Booker, 543 U.S. 220 (2005).

      In Booker the Supreme Court determined that the guidelines were no longer binding on the court. However, Booker upheld the guidelines in other respects and reaffirmed the court's traditional role of determining relevant sentencing facts.

The court reaffirmed that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. § 3661. <u>Booker</u> at 251. The district courts, while not bound to apply the Guidelines, must consult these Guidelines and take them into account when sentencing. <u>Booker</u> at 264."

Courts determine relevant conduct based on a preponderance of evidence. The presentence report in this case is accurate and lays out appropriate advisory guidelines for the court to examine.

The guidelines are advisory in nature and are not binding on the court. If the Supreme Court had decided that the guidelines were binding on the court, then a jury finding of aggravating factors would have required a beyond the reasonable doubt finding. Mini trials at sentencing would have become the unworkable norm. Fortunately, the Supreme Court did not go that way. The guidelines were held to be advisory in nature and the traditional fact finding at sentencing is still the norm.

<u>Hardship Sentencing Factors</u>

The family letters presented by the defendant illustrate the horrible consequences to loved ones that occur when someone intentionally violates the law. Here the family business is in a state of crisis. It is noteworthy that the defendant has led a positive life in may respects both before and after the legal violations occurring 14 years ago.

The government has a strong motivation to bring defendants to justice. Defendants can not be allowed to flee the jurisdiction and abscond from their sentencing date. It may take years, but the government will take the time to locate and return a defendant to the court's jurisdiction. At the same time, the government supports taking all factors into account when imposing the sentence.

The family hardship consideration and the strong points of the defendant's character are important to the courts judgment. Also the sentence handed down to other co-defendants is a factor for consideration.

1       The court has the power to take all matters into consideration, including the advisory
2 guidelines that apply.
3       Respectfully submitted this 21st day of May 2008.

                                            LEONARDO M. RAPADAS
                                            United States Attorney
                                            Districts of Guam and NMI

                             By:    /s/ Frederick A. Black
                                            FREDERICK A. BLACK
                                            Assistant U.S. Attorney